543 P.2d 834

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Larry SMITH and Mel Smith, Defendants-Appellants.**

**No. 1989.**

Court of Appeals of New Mexico.

Dec. 2, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Santa Fe, for defendants-appellants.

Toney Anaya, Atty. Gen., Mark Shoesmith, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Both defendants were convicted of robbery. Section 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). Their appeals raise issues involving: (1) refusal of the trial court to allow alibi evidence; (2) continuing duty of disclosure; (3) cross-examination concerning juvenile offenses; and (4) refused instructions concerning evaluation of a witness's testimony.

### Refusal to Allow Alibi Evidence

Rule of Criminal Procedure 32(a) provides that upon written demand of the district attorney detailing the place, date and time of the crime charged a defendant who intends to offer alibi evidence shall serve upon the district attorney a notice in writing of defendant's intention to claim an alibi. "Such notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi."

By letter dated January 31, 1975 defendants informed the district attorney that they would offer alibi evidence. Defendants did not, however, provide the specific information required by Rule of Criminal Procedure 32(a). The trial court refused to allow defendants to present evidence of alibi other than defendants' own testimony. The trial court's authority to exclude the alibi evidence is Rule of Criminal Procedure 32(c) which states: "If a defendant fails to serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the

purpose of proving an alibi, except the testimony of the defendant himself."

Defendants claim the exclusion of their alibi evidence was error for four reasons.

■ First, defendants assert the district attorney's written demand under Rule of Criminal Procedure 32(a) was deficient and, therefore, defendants were never required to supply alibi information to the district attorney. The district attorney filed in the district court on January 9, 1975 a demand for alibi defense information and a motion for disclosure under Rule of Criminal Procedure 28. As of January 9, 1975 neither of these documents were a written demand under Rule of Criminal Procedure 32(a) because there was no certificate of service and nothing showing defendants received these documents. On January 29, 1975 the district attorney wrote to defense counsel stating that a demand for alibi information had been filed and that there had been no response. This letter, by its reference to the demand filed on January 9, 1975, was a written demand.

The defense responded by the letter of January 31, 1975. In that letter counsel stated: "I am currently compiling a list of witnesses and a list of other items which may be introduced as evidence and will forward to you on completion." In addition, on January 13, 1975 the State responded to the defense request for disclosure by the government. That response identified the place, date and time of the crime charged.

In light of the foregoing, it is understandable that when the trial court was considering defendants' failure to disclose alibi information, no claim was made that the State's written demand was deficient. Such a claim was raised for the first time by a motion for new trial. We do not decide whether the sufficiency of the district attorney's written demand was waived because not raised until after trial. We do not do so because the record affirmatively shows that the defense was provided the information allegedly missing from the written demand. Defendants were not prejudiced by any technical deficiency in the demand. *State v. Quintana*, 86 N.M. 666, 526 P.2d 808 (Ct.App.1974); see *Chacon v. State*, 88 N.M. 198, 539 P.2d 218 (Ct.App.1975).

Second, defendants contend that in precluding the testimony of an available alibi witness whose testimony would have been relevant to the defense "the trial .court violated their rights to have compulsory process for the obtaining of witnesses in their favor and to due process of law."

■ *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) states: " * * * the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants." *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970) held that Florida's alibi rule did not violate due process because the rule " * * * is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." New Mexico's alibi rule provides for reciprocal discovery rights and provides ample opportunity for an investigation of the facts. There is no claim to the contrary. The alibi rule does not violate due process.

■ The compulsory process claim was not decided in either *Wardius* or *Williams*. See *Wardius*, supra, footnote 4 and *Williams*, supra, footnote 14. Cases deciding this issue have found no violation of the right to compulsory process. The reasoning is that the alibi rule does not prevent a defendant from compelling the attendance of witnesses; rather, the rule provides reasonable conditions for the presentation of alibi evidence. *Rider v. Crouse*, 357 F.2d 317 (10th Cir. 1966); *State v. Dodd*, 101 Ariz. 234, 418 P.2d 571 (1966); *Commonwealth v. Vecchiolli*, 208 Pa.Super. 483, 224 A.2d 96 (1966); *State ex rel. Simos v. Burke*, 41 Wis.2d 129, 163 N.W.2d 177 (1968). Compare *Carlile v. Continental*

*Oil Company,* 81 N.M. 484, 468 P.2d 885 (Ct.App.1970) which held a constitutional guaranty of a right to trial by jury does not preclude the adoption of reasonable rules providing that a litigant is not entitled to a jury trial unless the litigant demands the jury trial within the time and in the manner specified by the rule. The alibi rule does not violate the constitutional right to have compulsory process for obtaining witnesses.

Rule of Criminal Procedure 32(c) does not require the exclusion of alibi evidence when the alibi rule has been violated; rather the court *may* exclude. Defendants' third claim under this issue is that "the most onerous possible sanction was applied arbitrarily and without adequate inquiry into the circumstances surrounding the violation of the notice of alibi rule."

■ The record shows the parties were given opportunity to present their contentions to the trial court and that after certain exhibits were admitted, attorneys for the parties argued to the court. The record does not show what was argued. This record does not show that the trial court proceeded arbitrarily or ruled without an adequate inquiry. The answer to this third claim is twofold: (1) the record does not support the contention made, and (2) the record does not show the contention was raised in the trial court. *State v. Wingate,* 87 N.M. 397, 534 P.2d 776 (Ct.App.1975); Rule 11 of the Rules Governing Appeals.

■ Characterizing the decision in *Williams v. Florida,* supra, as an emasculation of the Fifth Amendment, defendants nevertheless concede that the *Williams* decision holds that the alibi rule, in itself, does not violate the privilege against self-incrimination. Defendants' fourth contention under this issue is that in applying the alibi rule their privilege against self-incrimination was violated. Defendants assert that in excluding the alibi testimony of any witness other than the defendants, the trial court gave the defendants a choice of either taking the stand or foregoing the only defense they had. Defendants

claim: "The effect of the trial court's ruling was to deprive the defendants of the choice whether or not to take the stand."

*Williams v. Florida,* supra, states that nothing in the alibi rule "requires the defendant to rely on an alibi or prevents him from abandoning the defense; these matters are left to his unfettered choice." Concerning the decision as to whether a defendant should testify, *Williams* states: "That the defendant faces such a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination." In applying the alibi rule the trial court did not violate defendants' privilege against self-incrimination. Compare, *State v. Duran,* 83 N.M. 700, 496 P.2d 1096 (Ct.App. 1972); *State v. Lindsey,* 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970)

*Continuing Duty of Disclosure*

During his cross-examination, defendant Larry Smith identified a letter he had written. When the district attorney sought admission of the letter into evidence, the defendant objected because the State had a continuing duty of disclosure and the letter had not been provided to the defense "prior to trial". The district attorney explained that he "just got it yesterday". The trial court overruled the objection and admitted the letter into evidence. The contents of the letter raise a serious question as to the truth of the alibi defense.

■ The State was under a continuing duty to disclose. Rule of Criminal Procedure 30 states alternative actions available to the trial court when the duty to disclose has been violated. The contention is that the trial court cannot properly exercise its discretion as to the alternatives without an adequate inquiry into the circumstances of the nondisclosure. Defendants claim the trial court did not make an adequate inquiry. They point out that the standard is whether a defendant has been prejudiced by the nondisclosure. *Chacon v. State,* su-

pra. They assert that without an adequate inquiry one cannot know whether a defendant has been prejudiced.

■ Defendants' arguments bottom on assertions not supported by the record. Their brief asserts that defendants were surprised; no such claim was made to the trial court. Their brief contends they were entitled to a continuance; none was sought. Defendants did not claim they did not know the contents of the letter; their objection was the letter was not provided prior to trial.

Defendants did not ask the trial court to conduct the "adequate inquiry" which they assert was required. Not having sought an inquiry by the trial court, we will not consider the appellate claim that the trial court's inquiry was inadequate. Rule 11 of the Rules Governing Appeals.

*Cross-Examination Concerning Juvenile Offenses*

■ Defendants claim the trial court erred in refusing to allow impeachment of Steve Ridley by evidence of juvenile offenses. Steve was a rebuttal witness. He testified that he saw his father and the defendants rob the victim. On cross-examination he testified that he had been picked up by the police on two occasions and "talked to" about the robbery. The police had also talked to Steve the morning of trial. Steve admitted that he had been in trouble for curfew violation, shoplifting, assault and battery. The defense then asked: "What was the disposition of that; what did the police do?" The district attorney objected that they were juvenile matters and not felonies. "They are not under the rule and he has admitted that he's been involved." The objection was sustained. Defense counsel stated he had "no more questions."

The district attorney's objection was on the basis of Rule of Evidence 609. The trial court's ruling was on the basis of that evidentiary rule. We do not consider whether *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974) was ap-plicable to the cross-examination because defendant did not claim that his right to cross-examine was being improperly restricted. Compare, *State v. Wilkins*, 88 N.M. 116, 537 P.2d 1012 (Ct.App.1975). The asserted improper limitation of cross-examination is raised for the first time on appeal and will not be considered. Rule 11 of the Rules Governing Appeals.

*Refused Instructions Concerning Evaluation of Witness's Testimony*

The trial court gave a general instruction on the credibility of witnesses. This instruction informed the jury that it was the sole judge of credibility and the weight to be given the testimony of a witness. This instruction stated that in determining the weight to be given to the testimony, the jury "should take into consideration" the interest of a witness in the result of the trial, the apparent fairness or bias of the witness, the reasonableness or unreasonableness of the story told by the witness and the facts and circumstances tending to corroborate or contradict the witness. Although not applicable to this case, U.J.I. Crim. 40.20 is a similar instruction.

Defendants assert that this general instruction was inadequate in that the phrase "take into consideration" did not sufficiently inform the jury how to evaluate the testimony of a witness who was induced to testify by a promise of immunity from further punishment or by a hope that he would be rewarded for his testimony. Defendants' requested instruction, which was refused, would have told the jury that any such promise or hope "is a strong impelling reason for the witness to color and fabricate his testimony, and that such testimony must be weighed with a great deal of care and circumspection." Defendants claim this requested instruction should have been given.

In considering this contention we do not consider an obvious conflict in the instruction given and the instruction refused. The general credibility instruction stated that the jury was the sole judge of credibility and that the jury determined the

weight to be given the testimony of any witness. The refused instruction contradicted this general instruction because it would have required the jury to consider the testimony of the particular witness as suspect and to weigh the testimony of the particular witness "with a great deal of care and circumspection."

In addition to the general instruction on credibility, the trial court instructed that: "The motives of an accomplice or co-conspirator in testifying, and the circumstances under which his testimony is given should be considered in determining how much weight and credibility his testimony should be given."

This instruction told the jury to consider the fact that the witness was an accomplice. Defendants assert that the instruction was inadequate because it did not tell the jury *how* to evaluate the accomplice's testimony. Defendants' requested instruction stated: "The testimony of an alleged accomplice must be weighted [sic] with great care and be scrutinized closely, carefully and cautiously. This testimony, which is subject to great suspicion, must be viewed with distrust and acted on only after due and careful deliberation." Defendants contend this requested instruction should have been given.

Again we note, but do not consider, the conflict between the general credibility instruction and the refused instruction.

*State v. Turnbow,* 67 N.M. 241, 354 P.2d 533, 89 A.L.R.2d 461 (1960) states that it is proper to instruct the jury to view the testimony with suspicion and receive it with caution. See also *State v. Baca,* 85 N.M. 55, 508 P.2d 1352 (Ct.App.1973). Defendants contend that since such an instruction would be *proper,* that they had a *right* to have their requested instructions given in this case. We disagree; the requested instructions were properly refused. Before discussing our reasons, we note: (1) decisions of the Tenth Circuit which tend to support defendants' argument do not reflect New Mexico law, and (2) the approach to instructions concerning witnesses in U.J.I.Crim. (admittedly not applicable to this case) is that instructions dealing with specific categories of witnesses should not be given unless required by statute or rule of court. See Committee Commentaries to Chapter 40, U.J.I.Crim.

*Territory v. Meredith,* 14 N.M. 288, 91 P. 731 (1907) is authority for holding that the requested instruction concerning an accomplice was properly refused. An issue in *Meredith* was that the court failed to instruct the jury on the law of accomplices. Holding there was no error, the opinion states:

"* * * the court was not bound to give instructions on that point, beyond the general one that they, (the jury) were the sole judges of the weight of the evidence and the credibility of the witnesses, and that in passing on the credibility of any witness or the weight to be given to his testimony, they should consider the relationship of the parties, if any, and the interest which he may have in the result of the case."

*State v. Massey,* 32 N.M. 500, 258 P. 1009 (1927) is authority for holding that the requested instruction concerning promise of immunity or hope of reward was properly refused. In *Massey,* the requested instruction would have told the jury that the testimony of a sheriff who cooperated with the district attorney should be scrutinized and that the jury should determine whether the interest of the sheriff had influenced him to the extent it would affect his testimony. *Massey* held that the general instruction on credibility was sufficient for argument by counsel concerning the interest of the sheriff and that there was no error in refusing the requested instruction.

The requested instructions involved in *State v. Poich,* 34 N.M. 423, 282 P. 870 (1929) went to evaluation of the testimony of detectives. In holding that refusal of the requests was proper, the opinion states:

"* * * there seems to be a difference of authority and practice as to the duty of the trial court to caution as to the testimony of informers. In this jurisdic-

tion it is * * * well understood that the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony * * *." *There is no different rule for weighing the testimony of different classes of witnesses.* The jury should always consider bias, prejudice, or interest * * * . The only purpose of cautionary instructions is to point out, what counsel are at perfect liberty to argue, and what any intelligent juror will readily grasp, that the bias or interest, whatever it may be, detracts from credibility. * * *

" * * * [*W*]*e doubt if it would be proper to direct the jury as a matter of law to exercise greater care with respect to such testimony* * * *." (Our emphasis.)

█ From the above decisions we conclude: (1) there is no requirement that an instruction be given concerning weighing the testimony of particular categories of witnesses; (2) the validity of special instructions concerning the evaluation of certain witnesses is doubtful; and (3) the basic instruction on credibility of witnesses sufficiently instructs on witness evaluation. Recent Court of Appeals decisions are consistent with this approach. *State v. Mazurek,* 88 N.M. 56, 537 P.2d 51 (Ct.App. 1975); *State v. Myers,* 88 N.M. 16, 536 P. 2d 280 (Ct.App.1975).

█ The trial court did not err in refusing the requested instructions. So holding, we do not reach and, therefore, do not decide two additional matters. These are: (1) whether the type of instructions requested by defendants would be an improper comment under Rule of Evidence 105; and (2) whether *State v. Turnbow,* supra, is incorrect in stating that special instructions on credibility are proper.

Oral argument is unnecessary. The judgments and sentences are affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.