547 P.2d 1167

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Eliseo Manuel MATAMOROS, Defendant-Appellant.**

**No. 2212.**

Court of Appeals of New Mexico.
March 9, 1976.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Gerald Chakerian, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Albert V. Gonzales, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of shoplifting. The record is insufficient to show the trial court erred in excluding certain defense exhibits on the grounds of irrelevancy. See *State v. Marquez*, 87 N.M. 57, 529 P.2d 283 (Ct.App.1974). The issue discussed concerns two instructions given by the trial court.

The instructions follow the language used in § 40A–16–21, N.M.S.A. 1953 (2d Repl. Vol. 6). They read:

"No. 3. You are instructed that any person who willfully conceals merchandise on his person *shall be prima facie presumed* to have concealed the merchandise with the intention of converting it without paying for it. (Our emphasis.)

"No. 4. Your are instructed that if any merchandise is found concealed upon any person or among his belongings it *shall be prima facie evidence* of willful concealment." (Our emphasis.)

"Prima facie presumed" in instruction No. 3 means presumed to be true absent evidence to the contrary. "Prima facie evidence" means evidence sufficient to establish a fact absent evidence to the contrary. See "prima facie" and "prima facie evidence" in Black's Law Dictionary (4 ed. 1951). Compare the definition of "prima facie showing" in *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

The word "shall" is mandatory. Section 1–2–2(I), N.M.S.A. 1953 (Repl. Vol. 1, Supp. 1975).

Instruction No. 3 stated that upon proof that a person had willfully concealed merchandise on his person, the jury was to take it as true, absent evidence to the contrary, that the merchandise was concealed with the intention of converting the merchandise without paying for it.

Instruction No. 4 stated that if merchandise is found concealed upon any person or among his belongings, the jury was to consider that such concealment established willful concealment absent evidence to the contrary.

Evidence Rule 303(a) states: "Except as otherwise provided by statute, in criminal cases, presumptions against an accused, recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this rule." There being no statute providing otherwise, the provisions of § 40A–16–21, supra, (which are stated in instructions Nos. 3 and 4) were subject to Evidence Rule 303.

Evidence Rule 303(c) states in part: "Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact *but does not require it to do so.*" (Our emphasis.) This provision "incorporates the constitutional requirement that presumptions not be conclusive in criminal cases even if unrebutted." *State v. Jones*, 88 N.M. 107, 537 P.2d 1006 (Ct.App. 1975).

Instructions Nos. 3 and 4 violated the above emphasized portion of Evidence Rule 303(c). Defendant objected to the two instructions, but the only portion of his objection which can be considered as going to the above quoted portion of Evidence Rule 303(c) was a claim that the instructions created an unconstitutional presumption. This claim was a general one and did not alert the trial court to an issue under Evidence Rule 303(c). Accordingly it will not be considered further. *State v. Jones*, supra.

One of defendant's specific objections was that: " * * * it (instructions Nos. 3 and 4) destroys the beyond a reasonable doubt standard because you have the presumption standing as the evidence * * *."

■ Proof beyond a reasonable doubt is required for a criminal conviction. See U.J.I. Crim. 40.60. Can there be proof beyond a reasonable doubt if the proof depends on a presumed fact? Yes. By presumed fact we mean a permissible inference from a basic fact or facts. *State v. Jones*, supra. The reasonable doubt standard is met if the evidence necessary to invoke the inference (the evidence as a whole, including the basic fact or facts) is sufficient for a rational juror to find the inferred fact beyond a reasonable doubt. *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

Defendant claims that application of the reasonable doubt standard to the connection between the basic fact and the inferred fact is constitutionally required. *Barnes v. United States*, supra, did not so hold. *Barnes*, supra, states that if the reasonable doubt standard is met, due process is also met. We need not consider whether the reasonable doubt standard is a constitutional requirement. That standard applies in New Mexico because it is a part of our Evidence Rules.

Evidence Rule 303(b) reads in part: "The judge is not authorized to direct the jury to find a presumed fact against the accused. When the presumed fact establishes guilt (instruction No. 3) or is an element of the offense (instruction No. 4) or negatives a defense, the judge may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only *if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt.*" (Our emphasis.)

The shoplifting offense was willfully concealing a rug with the intention of converting it without paying for it. Section 40A–16–20(A)(2), N.M.S.A. 1953 (2d Repl. Vol. 6). Defendant contends the combination of the two instructions did not meet the reasonable doubt standard: " * * * concealment is willful (instruction No. 4); and that willful concealment manifests an intention to convert without paying (instruction No. 3). Working in tandem, these two presumptions allow the prosecution to make its entire case from simple proof of concealment."

■ This contention overlooks the "evidence as a whole, including the evidence of basic facts". Defendant entered the store with a "blanket wrapped around him". He went to the rack where the expensive rugs were kept. When the storekeeper went to see if she could help defendant with anything, defendant turned around and started towards the door. The storekeeper noticed that one rug was missing but "couldn't see it on him anywhere". The storekeeper waited until defendant got to the door and then asked defendant to give the rug back. Defendant had the rug "under his own blanket." The rug had been folded up. Before defendant returned the rug the storekeeper could not see any part of it. The shop had just been opened for the day. The storekeeper knew the rug was gone and defendant was the only one who had been near the rack when the rug disappeared. Defendant did not approach the cash register at any time. This evidence was sufficient for a rational juror to find each of the inferred facts beyond a reasonable doubt. We add that instruction No. 4 was a superfluous instruction because the evidence shows a willful concealment.

■ Evidence Rule 303(c) reads in part: " * * * if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt." This was not done. There was no request for such an instruction. This error is not before us for review. *State v. Jones*, supra.

Oral argument is unnecessary. The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.