571 P.2d 415

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Michael L. JOHNSON, Defendant-Appellant.**

**No. 2927.**

Court of Appeals of New Mexico.

Sept. 13, 1977.

Robert Suzenski, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Dennis Murphy, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of forgery. We discuss: (1) discovery; (2) corpus delicti and sufficiency of the evidence; (3) scope of search; (4) refused instruction; and (5) prosecutor's comments.

Several checks, credit cards and a CB radio were stolen from a car. Subsequently, one of the stolen checks was transferred at a music store for records and cash. The police received information that defendant was the one who transferred the check. A search warrant was obtained. During the search of defendant's residence, defendant made an oral incriminatory statement to Officer Pacheco. The first three issues concern the admissibility of the officer's testimony concerning defendant's oral statement.

*Discovery*

The trial court had ordered the State to furnish defendant, ten days prior to trial, a list of the names and addresses of witnesses the State intended to call at trial. This was not done. Defendant objected to Officer Pacheco testifying because of the violation of the trial court order. The propriety of the trial court permitting the officer to testify involves Rule of Criminal Procedure 30.

█ The consequences of violating a discovery order are discretionary with the trial court. It may order the party to permit the discovery, grant a continuance, prohibit the nondisclosed witness from testifying or "enter such other order as it deems appropriate under the circumstances." Rule of Criminal Procedure 30. *State v. Smith*, 88 N.M. 541, 543 P.2d 834 (Ct.App.1975); *State v. Wilkins*, 88 N.M. 116, 537 P.2d 1012 (Ct.App. 1975). The issue on appeal is whether the trial court abused its discretion. *State v. Quintana*, 86 N.M. 666, 526 P.2d 808 (Ct. App.1974).

█ Defendant asserts that the trial court erred in failing to grant a continuance to allow him sufficient time to properly investigate the testimony of the nondisclosed witnesses. Defendant sought such a continuance for two nondisclosed witnesses, but the trial court did not permit those two witnesses to testify. *State v. Wilkins*, supra. Defendant never sought a continuance in connection with the testimony of Officer Pacheco. *State v. Smith*, supra. The failure to grant a continuance which was not sought is not error.

█ Defendant did seek to prevent Officer Pacheco from testifying. There were four nondisclosed witnesses, including the two which the trial court would not permit to testify. The State had informed defendant that these witnesses would be called "some four days ago—actually only some two or three working days ago".

Three other counts of the information had been severed from the forgery count a few days before trial. Officer Pacheco's name had been listed on the information as

a witness prior to the order which resulted in a trial solely on the forgery count. It is undisputed that defendant "was aware of the witnesses endorsed on the Criminal Information, and we assumed that—quite reasonably, that those were the witnesses they intended to call at *this* trial." (Our emphasis.) Defendant would not give any effect to this statement because Officer Pacheco's testimony at the preliminary hearing did not involve the forgery. However, defendant overlooks the fact that he assumed that Officer Pacheco would be a witness and, after being told that Officer Pacheco would be a witness, defendant never sought to interview Officer Pacheco.

The foregoing circumstances do not show an abuse of discretion by the trial court in permitting Officer Pacheco to testify. In these circumstances, there would not have been an abuse of discretion in denying a continuance if a continuance had been sought.

*Corpus Delicti and Sufficiency of the Evidence*

■ The forgery charged was § 40A–16–9(B), N.M.S.A.1953 (2d Repl. Vol. 6). Defendant asserts that an essential element of the crime was "that the check was passed by someone with knowledge that it was forged." He claims that no evidence was introduced concerning this essential element other than Officer Pacheco's testimony concerning defendant's oral statement.

Defendant claims that the "knowledge" element was a part of the corpus delicti which could not be proved by his extra judicial statement. The contention is that because of the absence of other evidence, defendant's oral statement should not have been admitted or alternatively, that even if the statement was properly admitted, the only proof of knowledge is the oral statement and, therefore, the evidence is insufficient to sustain the conviction.

It is undisputed that defendant is the person who transferred the stolen check. There is evidence, independent of defendant's oral statement, concerning defendant's knowledge. Defendant's written statement is that he sold two "mag" wheels to a customer at a service station where defendant was working and received the check in payment. When defendant transferred the check at the music store, he told the assistant manager that it "was a payroll type check". It is undisputed that no payee was named in the check. Defendant explained to the assistant manager that the payee was left blank because "the next day was to be a bank holiday and he needed the cash". Defendant filled in the name of the music store as the payee. The check is described as not having the appearance of a payroll check and that the names of the payee and maker appear to have been written with the same pen and "looked pretty much the same".

The foregoing evidence permits the inference that defendant knew the check was forged. To the extent that evidence of defendant's knowledge, independent of the oral statement, was required to establish the corpus delicti, that evidence exists. However, we do not agree that *defendant's* knowledge was part of the corpus delicti.

■ "The corpus delicti of a particular offense is established simply by proof that the crime was committed; the identity of the perpetrator is not material." *State v. Nance*, 77 N.M. 39, 419 P.2d 242 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). The corpus delicti of the forgery charged in this case was established by proof that a forged instrument was knowingly transferred with intent to defraud. Evidence of *defendant's* knowledge was not required to establish that the crime occurred. The corpus delicti was established in this case by proof that a stolen check, with the maker's signature forged, was transferred with the representation that the check was a payroll check (thus a good check). *State v. Gruender*, 83 N.M. 327, 491 P.2d 1082 (Ct.App.1971).

*Scope of Search*

The search warrant authorized a search for items stolen from the car, and the instrumentalities and fruits of the crime. No

claim is made that the search warrant was invalid. The claim is that in executing the warrant, the officers exceeded the scope of the search authorized and turned the search into an unauthorized general search. Defendant does not claim that his oral statement was involuntary; his claim is that his oral statement was a "fruit" of an unauthorized general search and, thus, Officer Pacheco's testimony concerning the oral statement should not have been admitted.

Defendant also claims that his written statement should not have been admitted. This claim must have been the result of inadvertence by appellate counsel; the written statement was admitted without objection. See *State v. Sanchez*, 86 N.M. 713, 526 P.2d 1306 (Ct.App.1974).

The scope of the search claim is directed to the admissibility of defendant's oral statement and not to items seized during the search. We discuss the items seized because they are pertinent to the scope of the search.

■ The officers seized the three records defendant obtained from the music store and the driver's license used by defendant for identification in transferring the check. These items were within the scope of the search warrant.

During his search, Deputy Hall came upon a typewriter. The type closely resembled "markings" in letters involved in another forgery case he was investigating. The uncontradicted showing is that the deputy removed this typewriter from the premises with defendant's consent for comparison purposes. The transcript shows the typewriter was taken by consent and not under authority of the warrant. No "search" issue arises from these facts.

■ Deputy Hall seized a Polaroid Land camera at some undisclosed time during the course of the search which lasted some two hours. He did so on the basis that it was a camera which had been reported as stolen. The testimony concerning the camera is insufficient for us to determine whether it was seized as known or only suspected stolen property. The testimony does not show how the camera was discovered. Not knowing when the camera was taken in relation to the oral statement, and with an insufficient record to determine how the camera was discovered or whether the camera was taken as known or suspected stolen property, we cannot say the camera was improperly seized or that there was any relationship between the camera and defendant's oral statement.

■ State Police Sergeant Sedillo went to the residence with the search party in order to pursue his investigation of a shooting incident. He took the opportunity to search defendant's residence for a weapon, although he did not have probable cause to search for a weapon. On the record presented, Sergeant Sedillo's weapon search was beyond the scope of the search authorized by the warrant. See *State v. Bell*, 90 N.M. 160, 560 P.2d 951 (Ct.App.1977). Sergeant Sedillo found three weapons, but the return does not indicate they were seized. Sergeant Sedillo also questioned defendant about additional weapons and recorded the serial number of a rifle that was not present. We do not review the evidence concerning this questioning because its propriety in connection with any charge involving the rifle is not involved in this case. The question of Sergeant Sedillo's unauthorized search is pertinent only insofar as it relates to defendant's oral statement. As to that relationship, there is nothing. There is nothing showing whether the weapon search or the questioning concerning the rifle occurred before or after the oral statement. Assuming Sergeant Sedillo's activities were illegal, there is nothing relating those illegal activities to defendant's oral statement.

■ While searching, Detective O'Bryon came upon a leather key holder, approximately 4 × 5 inches in size. He opened it. Inside was a clear plastic bag containing three tinfoil packets. The contents of one packet was tested; the result was positive for heroin. The heroin was found about thirty minutes after the search began. Upon discovery of the heroin, defendant was advised of his "constitutional rights".

Within minutes thereafter, Officer Pacheco talked to defendant about the "check", and defendant made his oral incriminating statement. The foregoing indicates a relationship between the heroin and the oral statement.

Did the discovery of the heroin result from a search beyond the scope of the warrant? No. The officers were authorized to search for checks; the key holder was of a size to contain checks and could properly be searched for that purpose. When contraband is discovered during the course of a lawful search, the contraband may be seized. See *State v. Alderete*, 88 N.M. 619, 544 P.2d 1184 (Ct.App.1976) and cases therein cited.

The incidents upon which defendant relies, reviewed above, either do not amount to an unlawful search or when the search is shown to be unlawful, there is no showing of the relationship between the incident and defendant's oral statement. In these circumstances, the cases relied on by defendant are inapplicable. Those cases are *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) and *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

*Refused Instruction*

█ The Use Note to U.J.I.Crim. 40.01 states that no instruction on circumstantial evidence is to be given. In spite of this direction, defendant complains of the trial court's refusal to instruct on circumstantial evidence. We are bound to following the directions of the Supreme Court on this matter. *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). In addition, *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977) indicates approval of this specific Use Note. There was no error in refusing the requested instruction.

*Prosecutor's Comments*

█ (a) During the direct examination of Deputy Hall, the prosecutor stated:

"Q Now, Mr. Hall, let me interrupt you right here before your proceed any further. I only want you to relate any facts as they relate specifically to this particular case, and I would appreciate your avoiding any comments that would not be matters taken up in this particular case. Now, if you will proceed on the search warrant, please.

"A We subsequently obtained a search warrant, and searched the residence of Michael Johnson."

Defendant asserts the clear implication is that at least one other case was pending against defendant and that the prosecutor's statement deprived defendant of a fair trial. He claims the trial court erred in denying his motion for a mistrial. We disagree.

The context of the deputy's testimony preceding the comment by the prosecutor indicates there was a danger that the deputy would testify about matters not involving the forgery charge. We agree with the trial court that the prosecutor's comment may have avoided more serious problems. A motion for a mistrial is addressed to the trial court's discretion. The appellate issue is whether the trial court abused its discretion by denying the motion. *State v. Padilla*, 86 N.M. 282, 523 P.2d 17 (Ct.App.1974). An abuse of discretion is not shown.

█ (b) During closing argument the prosecutor remarked that he relied on and trusted Officer Pacheco. We do not decide whether this was improper comment. Defendant did not object to the comment when it was made but waited until the jury had begun its deliberations. The objection was untimely. *State v. Seaton*, 86 N.M. 498, 525 P.2d 858 (1974).

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.