648 P.2d 795

STATE of New Mexico,
Plaintiff-Appellee,

v.

Joe Glen TOMLINSON,
Defendant-Appellant.

No. 5127.

Court of Appeals of New Mexico.

Feb. 2, 1982.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Heidi Topp Brooks, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

NEAL, Judge.

Defendant appeals from convictions of three counts of kidnapping and one count of armed robbery, with firearm enhancement on all counts. Two issues raised in the docketing statement but not pursued in the briefs are abandoned. *State v. Vogenthaler*, 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). We discuss:

1. Failure to give a lesser included offense instruction for false imprisonment.

2. Whether the trial court should have precluded certain witnesses from testifying because the State failed to provide the defense with a witness list.

3. Whether the trial court failed to hold a proper sentencing hearing.

4. Firearm enhancement on armed robbery.

We hold that the trial court erred in failing to give a lesser included offense instruction for false imprisonment, and reverse defendant's three kidnapping convictions and corresponding sentence. We affirm the armed robbery conviction.

The defendant left Arkansas and was on his way to Phoenix; in Arkansas he had stolen the car he was driving and purchased a shotgun. When he stopped for gas in Tulsa defendant picked up John McClary. Defendant had not known McClary before. The car broke down in Gallup and the two men walked around all day, finally going to a gas station at three in the morning. They were at the gas station talking for about one-half hour. McClary asked if the station had ever been robbed before. McClary went outside, returned with the shotgun, and announced a hold up. McClary ordered one of the attendants to give attendant's car keys to defendant. While defendant was getting the attendant's car the other attendant, upon orders from McClary, emptied the cash box. McClary, still armed, ordered both attendants into the car, and ordered one of them to drive. The car would not run. During this time defendant did not say anything; he just went along with what McClary wanted to do.

A tourist drove up to get gas. McClary approached him with the gun, told him they were going to take his car, and ordered everyone to get in. The victims, the two attendants and the tourist, were in the front seat. The tourist was ordered to drive. Defendant and McClary were in the back talking about where to go and dividing the money. Defendant said, "Well, you guys finally got robbed;" and that he wanted to go to Phoenix. The two attendants talked their way out of the car before the Arizona port of entry; the tourist escaped at Showlow, Arizona, and approached a policeman. Defendant and McClary ran off into the desert.

### 1. *Failure to instruct on false imprisonment.*

Defendant claims that the trial court erred in failing to instruct on the lesser included offense of false imprisonment. We agree and reverse defendant's three kidnapping convictions. A kidnapping defendant is entitled to a false imprisonment instruction when there is evidence indicating his lack of intent to hold to service. *State v. Armijo*, 90 N.M. 614, 566 P.2d 1152 (Ct.App.1977). There is evidence that defendant did not intend to hold the victims to service. The entire tenor of defendant's testimony is that McClary did everything and he just went along. The defendant did not do any of the talking. After the defendant was arrested he made a statement which also gave the impression that McClary did everything and he just went along. In the statement defendant denied that he knew anything about the robbery until McClary appeared with the gun. There was evidence that defendant never had the shotgun in his possession and never instructed anyone to do anything.

Consistent with this, defendant testified that at the time he did not know why McClary was taking the attendants and the tourist with them. The jury could find, based on the evidence, that defendant had no intent to hold the victims to service, and that this was McClary's idea not shared by the defendant. Because a jury could find that defendant had no intent to hold the victims to service it was error not to give the false imprisonment instruction.

## 2. *Failure to provide a witness list.*

The State failed to provide a witness list until just before trial. (From the record it is not possible to tell exactly when the list was provided.) Defense counsel asked the trial court to preclude those witnesses that he "didn't have knowledge of" from testifying because he did not have time to interview them. The court was not informed of who these witnesses were, and denied the motion. After trial defense counsel unsuccessfully moved for a new trial on the same ground. We find defendant's argument without merit.

■ Sanctions for violations of disclosure rules, as well as decisions on motions for new trials, are discretionary with the trial court. *State v. Johnson*, 91 N.M. 148, 571 P.2d 415 (Ct.App.1977); *State v. Perrin*, 93 N.M. 73, 596 P.2d 516 (1979). Even if there is a violation of the disclosure rules, prejudice must be shown before a defendant is entitled to relief. *State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979).

■ There are two problems with defendant's argument. First, defendant relies on *State v. Quintana*, 86 N.M. 666, 526 P.2d 808 (Ct.App.1974), for the proposition that prejudice is shown when the undisclosed witnesses' testimony is not technical or cumulative. *Quintana*, however, does not hold that prejudice is automatically shown when the undisclosed witness' testimony is not technical or cumulative. In determining prejudice the focus is on whether or not the undisclosed witness' testimony is important and critical; showing that the testimony is not technical or not cumulative may establish prejudice, but does not necessarily do so. Apart from his

reliance on *Quintana* defendant has not demonstrated how he was prejudiced. The fair inference from the record is that notwithstanding the disclosure violation, the defense was aware of the allegedly undisclosed witnesses.

■ Second, defendant argues that once a disclosure violation is shown he is *ipso facto* entitled to whatever relief he requested in the trial court. In this case defendant requested witness preclusion, one of the most severe remedies. This ignores the fact that the remedy is discretionary with the trial court. Assuming *arguendo* that defendant was entitled to a lesser remedy, he did not seek one. *See State v. Johnson*, 91 N.M. 148, 571 P.2d 415 (Ct.App.1977); *State v. Smith*, 88 N.M. 541, 543 P.2d 834 (Ct.App.1975).

We hold that under the circumstances presented in this case the failure of the State to provide a witness list until just before trial does not warrant a new trial.

## 3. *Sentencing hearing.*

■ Defendant contends that the trial court erred in failing to hold a sentencing hearing pursuant to § 31–18–15.1, N.M.S.A. 1978 (1981 Repl.). That statute provides that the court "shall" hold a sentencing hearing at which it takes "whatever evidence or statements it deems will aid it in reaching a decision." The word "shall" is mandatory. *State v. Matamoros*, 89 N.M. 125, 547 P.2d 1167 (Ct.App.1976). The legislature is presumed to have enacted statutes with knowledge of judicial pronouncements. *State v. Martin*, 90 N.M. 524, 565 P.2d 1041 (Ct.App.1977). By using the word "shall" it appears that the legislature intended to make a sentencing hearing mandatory and overrule prior law which did not require the trial court to hear anything from the defense prior to imposing sentence. *State v. Serrano*, 76 N.M. 655, 417 P.2d 795 (1966); *State v. Vialpando*, 93 N.M. 289, 599 P.2d 1086 (Ct.App.1979); *State v. Dodson*, 83 N.M. 11, 487 P.2d 921 (Ct.App.1971).

We hold that a sentencing hearing is mandatory and that there was sufficient compliance with § 31–18–15.1.

■ A hearing involves "listening to facts and evidence for the sake of adjudication;" it "includes every step where the judge is called to rule for or against a party to the cause." *State v. Rogers*, 31 N.M. 485, 247 P. 828 (1926); *State ex rel. Lebeck v. Chavez*, 45 N.M. 161, 113 P.2d 179 (1941). After the verdict the trial judge called the defendant to the bench. The judge stated that he would ordinarily conduct a sentencing hearing, but in this case he had heard the evidence and found mitigating circumstances in (1) the victims' having had serious felonies committed on them, yet being released unharmed; (2) defendant's youth; (3) the fact that it was his first offense; and (4) the fact that all of the offenses occurred as part of a single transaction. The court counterbalanced the seriousness of the offenses and therefore would not defer sentence. The judge then asked defense counsel if there was anything else and defense counsel twice said "no". Although the trial court did not consider this to be a sentencing hearing we hold that § 31–18–15.1 was complied with.

The statute embodies two policies; the defendant must be given a chance to present mitigating considerations, and the trial court is given the opportunity to take "whatever evidence or statements it deems will aid it in reaching a decision." Neither policy is infringed here. The defendant was twice given the opportunity to add to the judge's enumeration of mitigating considerations and twice declined. Without assistance of counsel the trial court took evidence it deemed would aid it, articulated its reasoning, and twice gave defense counsel a chance to comment.

We hold that under § 31–18–15.1, N.M.S. A.1981 (1981 Repl.) a sentencing hearing is mandatory, and that § 31–18–15.1 was complied with in this case.

4. *Firearm enhancement on armed robbery.*

Defendant contends that the trial court erred in giving N.M.U.J.I. 50.13, N.M.S.A. 1978 (1981 Supp.) before its effective date of September 1981. Defendant requested

N.M.U.J.I. 50.13, N.M.S.A.1978 which requires the defendant himself to use the firearm. The new U.J.I. instruction 50.13 only requires that the crime be committed with a firearm.

■ The court's instruction was a correct statement of the law under *State v. Roque*, 91 N.M. 7, 569 P.2d 417 (Ct.App.1977). *Roque* held that the enhancement applied to an accessory when the principal was the one who used the firearm. Because the new instruction 50.13 does precisely that under *Roque* its use was not error since the new instruction, although given prior to its effective date, correctly stated the applicable law. *State v. Valenzuela*, 90 N.M. 25, 559 P.2d 402 (1976).

In summary, we reverse defendant's three kidnapping convictions and remand for a new trial because the false imprisonment instruction was not given. Because we find defendant's other contentions without merit we affirm his armed robbery conviction and corresponding sentence.

IT IS SO ORDERED.

HENDLEY and DONNELLY, JJ., concur.