This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                       **NO. 27,153**

**KEVIN BLANCO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Gary K. King, Attorney General
Andrea Sassa, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Susan Roth, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Kevin Blanco (Defendant) appeals his convictions for attempt to commit aggravated battery with a firearm enhancement, NMSA 1978, §§ 30-28-1 (1963), 30-3-5 (1969), and 31-18-16 (1993), attempt to commit first degree murder with a firearm enhancement, NMSA 1978, §§ 30-2-1 (1994), 30-28-1, and 31-18-16, and battery, NMSA 1978, § 30-3-4 (1963). Defendant abandoned his appeal of the conviction for attempt to commit first degree murder. As to his remaining convictions, Defendant argues that the district court erred in allowing the responding officer to testify that the bullet recovered at the scene was from a misfired gun. Defendant further argues that the district court erred in allowing testimony that was both hearsay and a violation of his Sixth Amendment right to confrontation. We hold that the district court did not err and affirm.

**BACKGROUND**

This case concerns two of Defendant's convictions stemming from an incident between Defendant, Victim, and several other people. Defendant became angry with Victim after she left a message on his girlfriend's phone. Defendant drove to the apartment where Victim and members of the Williamson family were gathered on the porch. After Defendant arrived, he ran towards the apartment and began kicking and punching Victim. Everyone began screaming, and Victim's friend, Fantasia Williamson, began hitting Defendant in an attempt to impede Defendant's conduct.

Defendant left the porch, and Fantasia and Victim chased after him towards the apartment parking lot. Both women stopped when Defendant pulled out a gun, pointed it at Victim and Fantasia, and pulled the trigger. The gun failed to fire. Fantasia then ran back towards the apartment and called the police. Defendant pointed the gun at the front of the apartment where Victim and other Williamson family members were gathered. Defendant left the scene after his friend drove up, and he got in the friend's car.

Officer Meisinger responded to the emergency call. He interviewed the witnesses and prepared a police report. While at the scene, he found a bullet where Defendant had been standing when he tried to shoot at Victim and Fantasia. A month after the altercation, Detective Hindi interviewed Victim as part of the follow-up investigation.

At trial, Victim failed to appear to testify. The State presented several witnesses, including the three sisters, Fantasia, Francesca, and Kendera, who were at the incident. In addition, both Officer Meisinger and Detective Hindi testified.

Defendant's arguments on appeal stem from Officer Meisinger's and Detective Hindi's testimony. Prior to Officer Meisinger testifying, Defendant objected that Officer Meisinger was not qualified to testify as an expert and that certain parts of his testimony regarding the bullet should not be allowed. This district court held a

hearing outside the presence of the jury where both counsel questioned Officer Meisinger. After hearing Officer Meisinger's testimony, the court ruled that he was not an expert and that Officer Meisinger's testimony fell within Rule 11-701 NMRA as opinion by a lay witness. The court limited Officer Meisinger's testimony, stating,

> He cannot testify to exact reasons for marking on the ammunition. He can't give an opinion on whether that's an extraction mark.
> . . . .
> He can testify as to his personal experience that firearms many times or sometimes leave markings on ammunition. He can testify as to the residue, the condition he found the bullet in and the markings on it. And he can say whether or not he thought the ammunition was in a firearm or not at one time based on inferences from what the condition of the bullet and his personal experience in handling firearms.

During Officer Meisinger's testimony, the court instructed the jury that Officer Meisinger was not an expert and that he was testifying as a lay person.

Officer Meisinger testified that he found a .22 caliber bullet at the scene of the incident. He further testified about his experience with guns and bullets during his life prior to becoming a police officer and during his training and work as a police officer. He described the condition of the bullet and gave his lay opinion that the bullet had at one time been in a firearm. He also indicated that there was no evidence on the bullet, such as a firing pin mark, that anyone had ever attempted to fire it, and that a bullet may not have a mark on it even if someone had attempted to fire it.

The State then called Detective Hindi to testify regarding the conversation she

4

had with Victim during the follow-up interview. When the prosecutor asked Detective Hindi what Victim told her regarding how she was injured, Defendant objected that the testimony was hearsay. The prosecutor stated that the testimony was to explain the detective's investigation and was not being offered for the truth of the matter asserted. The district court allowed the testimony but gave a limiting instruction to the jury. The court stated, "I'm going to allow the witness to testify, but this is only foundation. You're not to consider what the witness told the officer—or [the] detective for the truth of the matter stated, but only for why the officer conducted the investigation the way she did." Detective Hindi then testified that Victim had told her that Defendant injured her. At a later point during Detective Hindi's testimony, Defendant objected on hearsay and confrontation clause grounds to testimony about whether Victim was scared of Defendant. After a bench conference, the State asked a different question and questioning continued without objection. The jury ultimately convicted Defendant, and this appeal followed.

**DISCUSSION**

**I.      Officer Meisinger's Testimony Regarding the Bullet**

Defendant contends on appeal that the district court abused its discretion by allowing Officer Meisinger to testify that "the .22 caliber cartridge he found on the ground was from a misfired gun." Defendant misstates Officer Meisinger's testimony.

5

Officer Meisinger never testified that the bullet was from a misfired gun. During direct examination, the State asked Officer Meisinger, "Based on your experience and training do you believe that this projectile was once in a firearm?" Officer Meisinger replied, "Yes." The court then reminded the jury that Officer Meisinger was testifying as a lay person and not as an expert. On cross-examination, Defendant had Officer Meisinger clarify that there were no markings on the bullet indicating that anyone had ever attempted to fire it. Officer Meisinger agreed there was no firing pin mark on the bullet. On re-direct, the State asked Officer Meisinger, "Is there a way that a projectile cannot have a mark on it although it had been attempted to be fired?" Officer Meisinger replied, "Yes," and then he explained that several times he had bullets with no firing pin marks on them after his gun had not fired.

Defendant's argument is based on the premise that Officer Meisinger "was allowed to testify that in his opinion the round came from a misfired gun." As is clear from the review of the testimony, Officer Meisinger never testified that the bullet was from a misfired gun. He only gave his lay opinion that the bullet had been in a gun, that there were no markings on the bullet indicating that anyone had attempted to fire it, and that a bullet can lack markings although someone attempted to fire it. Since the premise for Defendant's argument is not consistent with the evidence in the record, his argument does not stand, and he does not present a valid argument for appellate

review. We reject Defendant's argument. *See State v. Smith*, 88 N.M. 541, 545, 543 P.2d 834, 838 (Ct. App. 1975) (declining to review the defendants' arguments because they were not supported by the record); *cf.* Rule 12-213(A) NMRA (stating that a brief in chief must contain the appellant's contention with citations to the record).

**II      Detective Hindi's Testimony**

Defendant next argues that the district court erred in admitting portions of Detective Hindi's testimony because the testimony violated his Sixth Amendment right to confrontation, *see* U.S. Const. amend. VI, and because it was hearsay. Defendant's confrontation clause argument is not entirely clear, but he seems to challenge two of Detective Hindi's statements: (1) that Victim told her she was scared of Defendant and (2) that Victim stated she was injured by Defendant.

Defendant misstates Detective Hindi's testimony regarding the first statement. Detective Hindi never testified that Victim told her that she was scared of Defendant. Detective Hindi stated only that Victim *appeared* scared during their interview. Defendant does not challenge the admission of this portion of Detective Hindi's statement regarding Victim's appearance during the interview. Because Defendant's argument is based upon a mischaracterization of Detective Hindi's testimony, we reject Defendant's argument. *See Smith*, 88 N.M. at 545, 543 P.2d at 838 (declining to review the defendants' arguments because they were not supported by the record).

We now consider the second statement regarding injuries to Victim. Defendant failed to preserve his confrontation clause argument regarding this statement because he never objected to the injury testimony on confrontation clause grounds. *See State v. Lucero*, 104 N.M. 587, 590, 725 P.2d 266, 269 (Ct. App. 1986) ("It is well-settled that objections must be raised below to preserve an issue for appellate review."). "We require that a party assert the basis for its objection with sufficient specificity to alert the mind of the [district] court to the claimed error[.]" *State v. Silva*, 2008-NMSC-051, ¶ 9, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted); *see* Rule 12-216 NMRA. Instead, Defendant objected on hearsay grounds, which did not apprise the court that Defendant was objecting based on the confrontation clause. *See State v. Dedman*, 2004-NMSC-037, ¶ 23, 136 N.M. 561, 102 P.3d 628 ("[O]bjections to admissibility based on confrontation grounds are separate from those raised under the hearsay rules.").

Defendant contends that his objection on confrontation clause grounds during a later portion of Detective Hindi's testimony preserved his argument. We are not persuaded. After the State completed its discussion of Victim's injuries, it attempted to move into a new line of questioning regarding whether Victim was afraid. During the ensuing bench conference, the State indicated that it would ask Detective Hindi to testify that Victim had told her that she was scared. Defendant then objected to the

8

new line of questioning on confrontation clause grounds. The objection occurred after the State had already completed its discussion of Victim's injuries and attempted to move into this new line of questioning. The district court appropriately addressed the confrontation clause question when it was raised at that time. On appeal, we will not address Defendant's confrontation clause argument which is based upon the testimony about Victim's injuries because it was not preserved below. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that an appellate court will not consider issues not raised in the district court unless the issues involve matters of fundamental error or fundamental rights of a party).

Defendant next argues that the district court erred in allowing the testimony regarding Victim's injuries because it was hearsay. We review the district court's decision for abuse of discretion. *See State v. Otto*, 2007-NMSC-012, ¶ 18, 141 N.M. 443, 157 P.3d 8 (reviewing the district court's admission of non-hearsay testimony for abuse of discretion). "In order to find abuse of discretion, we must conclude that the decision below was against logic and not justified by reason." *State v. McDaniel*, 2004-NMCA-022, ¶ 6, 135 N.M. 84, 84 P.3d 701.

Under Rule 11-801(C) NMRA, out-of-court statements are hearsay if they are offered for the truth of the matter asserted. The State offered Detective Hindi's testimony to demonstrate why she investigated the incident in a certain manner and

not for the truth of the matter asserted. The district court allowed the testimony for the distinct purpose of laying a foundation for the detective's actions and for explaining why the detective investigated the incident the way she did. The district court specifically instructed the jury not to consider the testimony for the truth of the matter stated. *See* Rule 11-105 NMRA (requiring the district court upon request to limit the admission of evidence to its proper scope and explain such limitation to the jury).

Statements offered to explain police conduct are allowed as non-hearsay. *See Otto*, 2007-NMSC-012, ¶ 20 ("[S]tatements offered . . . to explain police conduct[] can be admissible if relevant to a fact of consequence and not offered to prove the truth of the matter asserted." (internal quotation marks and citation omitted)). Defendant does not argue that the statement did not further Detective Hindi's investigation.

In addition, the State was not required to prove that Victim was injured by Defendant to obtain either of his convictions. For attempted aggravated battery with a deadly weapon, the State had to prove only that Defendant intended to touch or apply force to Victim with a deadly weapon and with the intent to injure her. *See* UJI 14-322 & 14-2801. For battery, the State had to prove only that Defendant "intentionally touched or applied force" to Victim in "a rude, insolent, or angry

manner." *See* UJI 14-320. Neither charge requires proof of an injury to Victim. The testimony was only relevant for foundational purposes. We conclude the court properly allowed the testimony because the court's decision was not clearly untenable or unjustified. *See Otto*, 2007-NMSC-012, ¶ 18.

Defendant further argues that the information in Detective Hindi's testimony was prejudicial and that the district court "abused its discretion in admitting the hearsay statements without first balancing its probative value against the danger of unfair prejudice." At trial, Defendant never argued that the testimony was unfairly prejudicial and never asked the district court to analyze the admission of the testimony under Rule 11-403 NMRA. We will not address an issue Defendant failed to raise or preserve at trial. *See In re Aaron L.*, 2000-NMCA-024, ¶ 10. Injury was not an element of either of Defendant's crimes, and Fantasia, Francesca, and Kendera all testified that Defendant kicked Victim numerous times. Whether Victim was injured as a result of this attack is not relevant to the issues raised on appeal.

Defendant argues that the jury could not have understood the court's instruction that the testimony was admitted for a limited purpose. We reject Defendant's argument. It is well-established under New Mexico case law that juries are presumed to follow the court's instructions. *Otto*, 2007-NMSC-012, ¶ 17; *State v. Gonzales*, 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992) ("The jury is presumed to follow the

court's [limiting] instructions.").

Finally, we note that in his docketing statement, Defendant appealed his conviction for attempt to commit first degree murder with a firearm enhancement against Fantasia Williamson. In his brief in chief, however, Defendant does not challenge the conviction for attempt to commit first degree murder. Therefore, we do not address Defendant's conviction for attempt to commit first degree murder. *See State v. Clark*, 1999-NMSC-035, ¶ 3, 128 N.M. 119, 990 P.2d 793 ("All issues raised in the docketing statement but not argued in the briefs have been abandoned." (internal quotation marks and citation omitted)).

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions for attempt to commit first degree murder, attempt to commit aggravated battery, and battery.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**CELIA FOY CASTILLO, Judge**