[No. 1787, November 16, 1915.]

## STATE v. SMITH.

### SYLLABUS BY THE COURT.

1. In order for the bill of exceptions to become a part of the record, it should be filed in the office of the clerk of the district court, and on appeal the transcript of record should so show.

P. 175

2. In a criminal prosecution, where the defendant attempts to prove an alibi, it is erroneous for the court to instruct the jury that "the burden of proof is upon the defendant to establish such a defense to the satisfaction of the jury," as the burden is upon the state to prove that the defendant was present at the time and place the crime was committed, and this burden never shifts."          P. 176

3. Instruction as to the interest of witnesses in the result of case, approved by the territorial Supreme Court in the case of Territory v. Livingston, 13 N. M. 318, 84 Pac. 1021, followed.                    P. 179

Appeal from District Court, Quay County; T. D. Leib, Judge.

Jesse Smith was convicted of unlawfully killing two-head of neat cattle, and appeals. Reversed and remanded, with directions to award new trial.

MYRON B. KEATOR of Tucumcari and MANN & NICHO-
LAS of Albuquerque, for appellant.

Alibi instruction of court threw burden of proof on
appellant.

Territory v. Sais, 14 N. M. 399; State v. McClelland,
59 Pac. 924; Schultz v. Territory, 52 Pac. 352; Davis v.
United States, 160 U. S. 469; Fife v. Com., 29 Pa. 429;
Toler v. State, 16 Ohio St. 583; State v. Taylor, 118 Mo.
153; Casey v. State, 49 Neb. 403; Payton v. State (Neb.),
74 N. W. 597; State v. Jaynes, 78 N. C. 504; State v.
Tatlow, 136 Mo. 678; Bennett v. State, 30 Tex. App. 431;
Hoge v. The People, 117 Ill. 35.

Instruction was not corrected by any other instruction
which pretended to state correct law.

Howard v. State, 50 Ind. 90; Beck v. State, 51 Neb.
106; Henry v. State, 51 Neb. 149; Johnson v. State, 21
Tex. App. 368.

Instruction 8 singles out defendant, and comments on
weight of evidence.

Sec. 2994, C. L. 1897; Territory v. Taylor, 71 Pac.
(N. M.) 489; U. S. v. Hicks, 150 U. S. 442; 12 Cyc.
609; People v. Van Emman, 111 Cal. 144; Unruth v.
State, 4 N. E. 453; Bird v. State, 8 N. E. 14; Territroy
v. Livingston, 13 N. M. 318; Romine v. Territory, 2 N.
M. 130; Hartford v. State, 96 Ind. 461; Buckley v. State,
62 Miss. 705; Cockerell v. State, 32 Tex. Cr. 585; Muely
v. State, 31 Tex. Crim. 155.

H. S. BOWMAN, Assistant Attorney General, for the
State.

Exceptions to instructions not properly made part of
transcript.

Certificate of clerk does not show that transcript and
proceedings were ever filed in his office.

City of Tucumcari v. Belmore, 18 N. M. 331.

As to alibi instruction see:

Borrego v. Territory, 8 N. M. 446; Wilburn v. Territory, 10 N. M. 402; Trujillo v. Territory, 7 N. M. 43; Thompson on Trials, sec. 2436; Hughes Insts. to Juries, sec. 322; Glover v. U. S., 147 Fed. 426; State v. Thornton, 41 L. R. A. 530.

No error in giving instruction 8.

Faulkner v. Territory, 6 N. M. 464; Hughes Insts. to Juries; Territory v. Leyba, 49 Pac. 718; Territory v. Taylor, 11 N. M. 588, 71 Pac. 489; Territory v. Livingston, 13 N. M. 318; Territory v. Gonzales, 11 N. M. 301, 68 Pac. 925; Wilkins v. State, 98 Ala. 1, 13 So. 312; People v. Cronin, 34 Cal. 191; People v. Hitchcock, 104 Cal. 482, 38 Pac. 198; Doyle v. People, 101 Ill. 394, 35 N. E. 372; Radfield v. People, 146 Ill. 663, 35 N. E. 469; Bressler v. People, 117 Ill. 422, 8 N. E. 62; Anderson v. State, 104 Ind. 467; McIntosh v. State, 151 Ind. 251, 51 N. E. 354; State v. Moelchen, 52 Ia. 310; State v. Cook, 84 Mo. 401; State v. Young, 105 Mo. 634; State v. Renfrow, 111 Mo. 589-98; Kesling v. State (Neb.), 93 N. W. 980; People v. Crowley, 102 N. Y. 234, 38.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellant was tried and convicted in the district court of Quay county for the unlawful killing of two head of neat cattle belonging to Ira Sample. From a judgment sentencing him to a term in the state penitentiary, he appeals, and assigns as error the action of the trial court in giving certain instructions and other alleged errors not necessary to discuss.

[1] At the outset we are met by the contention of the state that the bill of exceptions is not shown to have been filed in the office of the clerk of the district court, and that, not being so filed, it did not become a part of the record in the case. There is ample authority to support the contention of the state that the bill of exceptions, in order to become a part of the record of the cause, must be filed with the clerk of the trial court, and that the record should so show. See City of Tucumcari v. Belmore, 18 N. M. 331, 137 Pac. 585. In this case, however, it

appears that a stipulation was entered into between the attorneys. for appellant and a representative of the Attorney General's office, which, to say the least, might reasonably have been construed by. appellant's attorneys as waiver of the right to question the alleged insufficiency of the transcript in this regard. Strictly construed, however, it is but fair to say that such stipulation did not cure the alleged failure, but, as such stipulation probably was otherwise construed by appellant's attorneys, and thereby no steps were taken to cure the defect, and because of the desire on the part of the court to always consider a cause on its merits, unless clearly prevented, we shall treat the bill of exceptions as constituting a part of the record, and proceed to a consideration of the questions raised, upon which appellant relies for a reversal.

[2] The first point made is that the court was in error in giving to the jury, of its own motion, instruction No. 7, on the subject of alibi, to the giving of which proper exceptions were saved. The instruction in question was preceded by another instruction on the same subject, and, as both are connected with the same subject-matter, they should be considered together. The instructions read as follows:

(6) "The defense interposed by the defendant in this case is what is known in law as an alibi; that is, the defendant claims that he was at another place at the time of the commission of the crime, and at the time some of the alleged criminating acts were done."

(7) "The court instructs the jury that such a defense is as proper and legitimate, if proved, as any other, and all the evidence bearing upon that point should be carefully considered by the jury. Such a defense, to be entitled to consideration, must show that at the very time of the commission of the crime charged, and the alleged criminating acts were done, the accused was at another place so far away and under such circumstances that he could not, with any ordinary exertion, have reached the place where the crime was committed, or said criminating acts were done so as to have participated in the same. The court instructs the jury that, where an alibi is relied upon as a defense, the burden of proof is upon the the defendant to establish such defense to the satisfaction of the jury. The law is that, when all proof is in, both that given by the defendant and for the state, and after the jury has considered all the evidence, that

State v. Smith, 21 N. M. 173.

touching the question of an·alibi as well as the criminating evidence introduced by the state, if the jury then have a reasonable doubt of the guilt of the accused, they should then find him not guilty, but not otherwise."

The portion of instruction No. 7 which is claimed to be objectionable is the following phrase:

"The court instructs the jury that, where an alibi is relied upon as a defense, the burden of proof is upon the defendant to establish such defense to the satisfaction of the jury."

The underlying vice in the instruction is in the assumption that, where the defendant introduces evidence to establish an alibi, that the burden of proof is upon him "to establish such defense to the satisfaction of the jury." In other words, this instruction disregards the fundamental rule that the burden is always upon the state to introduce such evidence as shall satisfy the jury beyond all reasonable doubt of the guilt of the defendant of the crime charged, and that included within the facts which the state is thus required to prove, in order to carry the burden which rests upon it, is evidence showing the defendant's presence at, and participation in, the alleged crime. When the defendant introduced evidence to show that he was at another place at the time when the state undertook to establish that he was present and participating in the crime, he was but rebutting the proof offered by the prosecution tending to support the allegation that he was then and there.

"The protection of any reasonable doubt in favor of the defendant applies in such instances as to any other affirmative issue tendered in the charge." Glover v. U. S., 147 Fed. 426. 77 C. C. A. 450, 8 Ann. Cas. 1184.

We are aware that the foregoing instruction, or instructions of similar import, are upheld by many of the state courts, and some of the text-writers; but the weight of authority and reason is in accord with our views that such a charge is erroneous. Some early cases, decided by the Territorial Supreme Court sustained the contrary doctrine (Trujillo v. Territory, 7 N. M. 43, 32 Pac. 154; Wilburn v. Territory, 10 N. M. 402, 62 Pac. 968), but this doctrine

was repudiated by that court in the latter case of Terri-
tory v: Tais, 14 N. M. 399, 94 Pac. 947. In that case the
court was considering an instruction not so palpably er-
roneous as the one in the present case. The court said:

"Such an instruction as that in question puts a defendant
in worse condition, as regards the burden of proof, than if
he had offered no evidence of an alibi. In that case the in-
struction would be that the prosecution must prove beyond
a reasonable doubt that the presence of the defendant where
he could have committed the crime as charged. But, if he
offers evidence that he was not present, then comes the in-
struction to the effect, as most would construe it, that he
must convince the jury that he was not present, or, at least,
that the evidence offered in his behalf must raise a reason-
able doubt in their minds of his presence. Such a result
savors too much of the doctrine once widely held, but now
nearly or quite obsolete, that a defendant who set up an
alibi and failed to prove it to the satisfaction of the jury
should stand discredited by his attempt. It is repugnant to
the presumption of innocence, which continues until it is
overcome, beyond a reasonable doubt, by the evidence for
the government."

In a note to the case of Glover v. U. S., 8 Ann. Cas.
1184, will be found collected the cases from the various
courts which have passed upon this question, and it is
not necessary to here further refer to them.

In Bishop's New Criminal Procedure (2nd ed:) § 1066,
it is said:

"Some courts, if we follow their language, seem to look
upon the alibi as though it were a special and separate de-
fense under a distinct plea. And they appear to hold that
the defendant has the burden to prove it, yet only by pre-
ponderance of the evidence, not beyond a reasonable doubt.
On the other hand, as the foregoing elucidation makes plain
the true doctrine, supported equally by reason and the ma-
jority of the cases, is that the presumptions and burden of
proof are not changed by the alibi; and the question for the
jury is whether or not, contemplating the evidence to the
alibi in connection with all other evidence on both sides,
the defendant is guilty beyond a reasonable doubt."

In Wharton's Criminal Evidence (10th ed.) § 333, it
is said:

"It is error to charge the jury that the alibi must be es-
tablished by a preponderance of proof."

In this case the jury was told that the burden of proof was upon the defendant to establish his alibi to the satisfaction of the jury, which was only another, and possibly a more forcible, way of stating that such defense must be established by a preponderance of proof.

· But it is contended by the state that the vice in the foregoing instruction, imposing upon the defendant the burden of proof in regard to the alibi, was cured by the subsequent portion of the instruction, by which the jury was advised that, after considering all the evidence, "that touching the alibi, as well as the criminating evidence introduced by the state," if the jury then entertained a reasonable doubt as to the guilt of the defendant, they should find him not guilty. In the case of Glover v. U. S., supra, it was held, under a similar charge, that the error was not cured. To say the least, the instruction was calculated to confuse the jury. They were told, in the first instance, that the burden was upon the defendant to establish the alibi to the satisfaction of the jury. Next, they were told that, when all the evidence was in, both that given for the defendant and the state, and after the jury had considered all the evidence, that touching the question of alibi, as well as the criminating evidence introduced by the state, if the jury then had a reasonable doubt as to the guilt of the defendant, they should then find him not guilty, but not otherwise. The jury was first given a rule by which they were required to measure the evidence given on behalf of the defendant to establish the alibi. The burden was cast upon him to establish this defense to the satisfaction of the jury, and it might reasonably be supposed that the jurors understood that if such evidence did not satisfy their minds of the truth of such defense, they were not warranted in entertaining a reasonable doubt as to the truth of the alibi.

[3] Appellant also complains that the court erred in giving to the jury, of its own motion, instruction No. 8, as to the interest of the defendant in the result of the prosecution, he having testified as a witness in the case. As to this question, it is only necessary to say that the

territorial Supreme Court, in the case of Territory v. Livingston, 13 N. M. 318, 84 Pac. 1021, announced the correct doctrine in this regard; and the trial court, upon a subsequent trial, by conforming to the instruction there approved, will avoid any question as to the law upon this phase of the case.

While there are other errors assigned, they are without merit and require no discussion. The cause will be reversed and remanded, with direction to the trial court to award the defendant a new trial, because of the erroneous instruction, which cast upon the defendant the burden of proving an alibi to the satisfaction of the jury; and it is so ordered.

HANNA, J., concurs.

PARKER, J., concurs in the result.