Argued and submitted April 24, reversed and remanded for new trial July 10, 1985

# STATE OF OREGON,
*Respondent,*

*v.*

# CLOVIS D. POWELL,
*Appellant.*

(10-83-04402; CA A32826)

703 P2d 257

Shaun S. McCrea, Eugene, argued the cause for appellant. On the brief was Robert J. McCrea, Eugene.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillete, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals his conviction for felony driving while suspended. ORS 487.560(6). He argues that the court erred when it gave, over objection, a "weaker and less satisfactory evidence" instruction to the jury. We agree and reverse.

Defendant was suspended for one year after he had been convicted the second time for driving under the influence of intoxicants (DUII). That suspension expired on May 5, 1983. The issue at trial was whether defendant was stopped and cited during the early morning hours of May 4, 1983, or May 5, 1983, the latter date being after the suspension period.

When defendant was stopped, he showed the officer an expired license. Using the license, the officer ran a radio check and learned that defendant was suspended indefinitely for failure to show financial responsibility and for one year for the DUII conviction. Defendant informed the officer that he was only suspended for one year and that the year was up. The officer issued defendant four citations. Three listed the date as May 4, and one listed the date as May 5. The citations were subsequently dismissed, and defendant was indicted[1] and tried only for felony driving while suspended. At trial the officer testified that he had been in error in placing the May 5 date on one citation. However, he did admit that the same morning he listed the date as May 4 on some pages of his report and May 5 on at least one other page.

Defendant testified that he was driving on May 5. He testified that he knew the date, because he had been looking forward to the expiration of his suspension and had purchased a motorcycle in anticipation of the reinstatement of his driving privileges. He testified that he did not drive until after midnight.

■ In closing argument, defense counsel argued that the state had produced weaker and less satisfactory evidence, because other police officers who were at the scene were not called to testify. The prosecutor argued that defendant had produced weaker and less satisfactory evidence and should be disbelieved, because he had failed to produce his reinstated

---

[1] The indictment alleged that defendant feloniously drove a motor vehicle on or about May 4, 1983.

driver's license to verify that the date stamp on it was the date of the arrest.

The court gave this instruction:

> "Evidence is to be estimated not only according to its intrinsic weight, but also according to the evidence which is within the power of one side to produce and the other side to contradict. Therefore, if weaker and less satisfactory evidence is offered when it is within the power of a party to produce stronger and more satisfactory evidence, then the evidence offered should be viewed by you with distrust."

In *State v. Mains,* 295 Or 640, 669 P2d 1112 (1983), the court held that the "weaker and less satisfactory evidence" instruction should not be given in criminal cases regardless of whether the defendant takes the stand, except when the defendant has the burden of proof on an issue in the case. The court fashioned a clear and certain rule in an effort to prevent further confusion, to provide guidance to the trial courts and to avoid unnecessary appeals. 295 Or at 648. Because we believe that the court in *Mains* intended to fashion a "bright line" rule, we reject the state's argument that any error in giving the instruction in this case was cured by the court's further instruction that it was the state's burden to prove the elements of the offense.

██ The trial court erred. We must reverse unless we can say that the error was harmless in that there is substantial and convincing evidence of guilt and that the error committed was very unlikely to change the result of the trial. Or Const, Art VII (amended), § 3; *State v. Van Hooser,* 266 Or 19, 26, 511 P2d 359 (1973). The determinative issue in this case was whether defendant was driving on May 4 or May 5. The jury was required to weigh the testimony of defendant to the effect that he was driving on May 5, against the testimony of the police officer to the effect that defendant was driving on May 4. The question was a close one, with evidence presented on both sides of the issue. We cannot say in this instance that the instruction was harmless error.

Reversed and remanded for a new trial.