Argued and submitted October 22, 1985, affirmed April 23, reconsideration denied June 6, petition for review allowed July 15, 1986 (301 Or 338)

# STATE OF OREGON,
*Respondent,*

*v.*

# GEORGE ELMER REDWINE,
*Appellant.*

(84-400-C; CA A35146)

717 P2d 1239

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions for kidnapping in the first degree, robbery in the first degree and assault in the first degree. The issue is whether his testimony was improperly limited by the trial court because he had failed to provide a notice of alibi pursuant to ORS 135.455.[1] We affirm.

It is not necessary to detail the facts of the crimes to address defendant's claim of error. The victim, Taylor, who was acquainted with defendant and two codefendants, was taken to a house which was not defendant's residence at about 5:30 p.m. on the day of the crimes. Defendant was at the house, and during the course of the afternoon and evening the three codefendants beat and robbed the victim. The victim testified in detail about the beatings, defendant's presence and his involvement. A witness, Titus, testified that he drove defendant to the house where the crimes occurred, then picked him up and returned him to the location two times during the evening before the victim escaped.

Defendant did not file a notice of alibi pursuant to ORS 135.455. After the third day of trial and near the end of the state's presentation of evidence, defendant's counsel indicated that he wished to put on evidence that defendant was at home during the assault. He conceded that defendant's wife could not testify, because she had been present in court during the trial when witnesses had been excluded. He also appeared to concede that he could not present alibi evidence but asked the court to what extent the defendant could testify about his activities on that evening. The court said:

"* * * As far as any alibi testimony, I'm not going to allow any of that in. If there are some other things you want to ask your client under oath and subject to cross examination which has to do with anything other than not being at a particular

---

[1] ORS 135.455 reads, in part:

"(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, the defendant shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of the purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, the defendant shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise."

place at any particular time, fine. I don't see any problem with that. Once we're talking locations and times we are talking alibi, and that's not going to be allowed."

The single claim of error is:

"The Circuit Court erred in preventing defendant from testifying about the incident which gave rise to the charges."

Defendant's claim of error and his argument do not challenge the specific ruling denying him the opportunity to present evidence of an alibi; rather he contends that application of the court's ruling was too broad. The court struck testimony by defendant regarding the time when he first arrived at the location of the crimes and what he observed. The basis of the court's ruling was that an inference from the testimony was that defendant was not present at the time of the incident and it followed, the court concluded, that, if he was implying that he was not present, he was implying that he was elsewhere, which would be evidence not admissible unless a notice of alibi had been filed.

Defendant concedes that he did not challenge the constitutionality pursuant to Article I, section 11, of the Oregon Constitution, or the Fourteenth Amendment to the federal constitution, of the alibi preclusion sanction of ORS 135.455. *See State v. Douglas,* 292 Or 516, 641 P2d 561 (1982). Although he now cites *Douglas* and relies for the most part on Judge Lent's concurring opinion, he does not contend that ORS 135.455 is unconstitutional. He appears to argue that Article I, section 11, prevents the court from limiting his testimony as it did. We need not address the proffered constitutional issue, because an appropriate construction of the statute resolves the issue. We conclude that the trial court erred in sustaining the state's objection to and striking the testimony identified in the claim of error. "Alibi evidence" is defined in ORS 135.455(2) as

"* * * evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

It could not be seriously argued that ORS 135.455 bars a defendant from denying his participation in the crime charged for failure to give a notice of alibi, even though the implication of the denial is that he was not present when the crimes were committed. The state must prove beyond a reasonable doubt

that a defendant was responsibile for the crime charged, and in many instances that will entail proof that the defendant was at the location of the crime at a given time. That burden of proof exists whether a defendant pleads an alibi or not. His denial by a plea of not guilty requires that proof, and the state cannot be surprised that it must prove that the accused was in fact at the crime scene.

The purpose of the notice of alibi is to notify the state of a particular place where the defendant contends he was during a critical time and the names of witnesses who will testify to that fact. *See State v. Douglas, supra.* Although his plea of not guilty may impliedly notify the state that he contends that he was not at the scene, *i.e.,* was elsewhere, it does not disclose by implication or otherwise where he claims to have been during the critical time. If the notice is given, the state will then be given an opportunity to investigate in order to rebut the evidence that defendant was at a particular place. It already has had the opportunity and burden to establish that the the defendant was at the scene of the crime. We construe the preclusion sanction of the alibi statute to exclude only evidence that a defendant was at a particular place other than the location of the crime.

The testimony that the court struck did not relate to defendant being at a place other than the house where the crimes were committed. It is true, as the state argued and the trial court ruled, that there was a permissible inference from his testimony that he was not there when the crime was committed. The state had already offered evidence that he was, and he is entitled to rebut that evidence, short of presenting evidence of an affirmative nature that he was at another particular location. The court erred in striking defendant's testimony.

Our conclusion that the court erred in striking the testimony requires reversal unless we can say that the error was harmless. The appropriate analysis is whether there is substantial and convincing evidence of guilt and whether the error is very unlikely to have changed the result of the trial. Or Const, Art VII (Amended), § 3; *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973); *State v. Powell,* 74 Or App 334, 703 P2d 257 (1985). There is substantial and convincing evidence of

guilt. The victim, who was acquainted with defendant, testified in some detail about defendant's presence at the house and his participation in the crimes charged. Titus, who was defendant's employe, placed defendant at the location of the crimes during the time when the victim was being beaten and robbed. He also testified that defendant told him about the incident, including that he watched the victim being beaten and that he took some money from the victim. Other witnesses also placed defendant at the crime scene. The testimony of defendant that was excluded would not likely have changed the outcome.

Affirmed.