SULLIVAN, Senior Judge
(concurring):
I agree with my learned brother, Judge Effi’on, and write separately only to emphasize the three points that lead me to concur.
First, the military judge failed to make any findings of fact prior to imposing the most stringent sanction on appellant, the exclusion of key defense evidence supporting the defense theory that appellant was not driving. This was especially unfortunate in this case since such findings would have provided an appellate court with an understanding of the thinking of the trial judge. Without this evidence, the defense was dealt a major blow, without explanation.
Second, it is apparent to me that the sanction went beyond that necessary to insure a fair trial to the Government. As was well stated by Cicero, who many consider the first real trial advocate, “Let the punishment fit the offense.”[1] The exclusion of key defense exhibits should be the last, not the first, remedy for discovery violations. Cf. McCarty v. State, 107 N.M. 651, 763 P.2d 360 (1988). Clearly, there were other remedies that could have been imposed. The Government *366 suggested that it might take two days to evaluate the precluded evidence. Such a delay would have been a small price to pay for justice in this case.[2] Moreover, the ruling of the military judge served to gut the defense theory of the case. In a battle of experts, it deprived appellant of his right to present his case. As I stated in United States v. Rankins, “[Appellant’s] defense to the charge was not a strong one, but it was [appellant’s] only one.” 34 MJ 326, 336 (CMA 1992)(Sulli-van, C.J., dissenting).
Third and finally, the Government was allowed in its closing argument to argue to the military jury that the ruling of the military judge on the discoveiy motion was tantamount to a conclusion that the defense had attempted to mislead the jury. This alone may have been sufficiently prejudicial to warrant reversal. See United States v. Achtenberg, 459 F.2d 91 (8th Cir.1972).

. Marcus Tullius Cicero, Noxiae poena par esto. De Legibus, III, 3. The maxim is often attributed to Sir W.S. Gilbert in the Mikado, act II. Cicero is considered by many to be the father of modern trial advocacy because of his insistence that evidence, not rhetoric, should control the outcome of a trial.

. In this regard, I am reminded of the motto engraved in the Attorney General’s rotunda of the United States Department of Justice: "The United States wins its case whenever justice is done to one of its citizens in the courts.”