| STATE V. JARAMILLO |
|---|

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**TERRI JARAMILLO,**
**Defendant-Appellant.**

Docket No. A-1-CA-35361
COURT OF APPEALS OF NEW MEXICO
March 25, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, Charles W. Brown, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Walter M. Hart III, Assistant Attorney General, Santa Fe, NM, for Appellee

Law Offices of Jennifer J. Wernersbach, P.C., Jennifer J. Wernersbach, Albuquerque, NM, for Appellant

**JUDGES**

JACQUELINE R. MEDINA, Judge. WE CONCUR: J. MILES HANISEE, Judge, MEGAN P. DUFFY, Judge.

**AUTHOR:** JACQUELINE R. MEDINA

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Terri Jaramillo entered into a conditional guilty plea agreement under which she agreed to plead guilty to fraud over $2,500 but not more than $20,000 but reserved the right to appeal from the exclusion of nine witnesses as a sanction for violating a scheduling order. Defendant raises two issues on appeal. First, she argues that the district court abused its discretion by excluding her witnesses without

consideration of her culpability, the prejudice to the State, and the availability of lesser sanctions. Second, she argues that she received ineffective assistance of counsel. We reverse and remand without consideration of Defendant's ineffective assistance claim.

## BACKGROUND

**{2}** Defendant was charged with fraud, contrary to NMSA 1978, Section 30-16-6 (2006), after allegedly misappropriating funds owed to a client. The district court issued a scheduling order setting a January 30, 2015 deadline for witness lists and witness contact information. The district court scheduled a docket call for June 22, 2015, and placed the case on the June 29, 2015 trailing trial docket.

**{3}** Defendant filed her witness list on June 19, 2015, identifying nine witnesses that had not been previously disclosed to the State. At the June 22, 2015 docket call, the district court precluded Defendant from calling all nine witnesses on her list, reasoning that the State would not have sufficient time to conduct witness interviews before the trial scheduled for June 29, 2015. The district court noted that the January 2015 deadline to file witness lists was designed to avoid the very problems presented by Defendant's late disclosure. The district court stated, "The Supreme Court has set out these rules for [the Second Judicial District Court] to enforce and . . . that [attorneys are required to] follow. They're dictating for us." Defendant's case was reassigned to another district court judge, and Defendant subsequently entered a conditional guilty plea. This appeal followed.

## DISCUSSION

### Standard of Review

**{4}** We review district court decisions to exclude defense witnesses for an abuse of discretion. *See State v. Guerra*, 2012-NMSC-014, ¶ 23, 278 P.3d 1031. "An abuse of discretion occurs when the ruling is clearly against the logic and effects of the facts and circumstances of the case, is clearly untenable, or is not justified by reason." *State v. Balderama*, 2004-NMSC-008, ¶ 22, 135 N.M. 329, 88 P.3d 845. "[A] court's inherent power is at the core of judicial authority," including the "inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket[ and] promote judicial efficiency[.]" *State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶¶ 11, 20, 120 N.M. 1, 896 P.2d 1148 (internal quotation marks and citation omitted). "The decision to exclude evidence calls on judicial discretion to weigh all the circumstances, including willfulness in violating the discovery rule, the resulting prejudice to the opposing party, and the materiality of the precluded testimony." *Guerra*, 2012-NMSC-014, ¶ 33. "A defendant's right to present evidence on her own behalf is subject to her compliance with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt or innocence." *Id.* ¶ 32 (alterations, internal quotation marks, and citation omitted).

### The District Court Abused Its Discretion

**{5}**     The district court based its decision to exclude Defendant's witnesses upon "the dictate that has come from our Supreme Court," referring to Rule LR2-400 NMRA and Rule LR2-400.1 NMRA.[1]

**{6}**     LR2-400.1[2] provides, "The Rules of Criminal Procedure . . . and existing case law on criminal procedure continue to apply . . . to the extent they do not conflict with" the special calendaring rule. LR2-400.1(A). The rule requires the parties to disclose all discovery described in Rule 5-501(A)(1)-(6) NMRA, as well as the phone numbers and e-mail addresses of all witnesses if available, within ten days of the effective date of the rule (February 2, 2015), or no later than February 12, 2015. LR2-400.1(D); *see State v. Lewis*, 2018-NMCA-019, ¶ 5, 413 P.3d 484. The parties also have a continuing duty to disclose additional information within five (5) days of receipt of such information. LR2-400.1(D)(2); *Lewis*, 2018-NMCA-019, ¶ 5. Should either party fail to comply with the discovery rule or any provision of the scheduling order, the rule requires the district court to impose sanctions, which may include dismissal of the case with or without prejudice, prohibiting the party from calling a witness or introducing evidence, monetary sanctions, or any other sanction deemed appropriate by the court. LR2-400.1(D)(4), (J).

**{7}**     Our opinion is informed by this Court's reasoning in *Lewis*, 2018-NMCA-019, ¶ 8, in which we analyzed the special calendaring rule's impact upon the requirement that district courts consider, on the record, the issues of culpability, prejudice, and lesser sanctions in determining what type of sanction to impose for a discovery violation, as provided by our Supreme Court in *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, and clarified by *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 959. We explained in *Lewis* that "[w]hile the language of the rule makes sanctions mandatory for violations of discovery obligations and scheduling order deadlines, it leaves the decision of the type of sanction to impose to the discretion of the district court." 2018-NMCA-019, ¶ 8. Finding no guidance in the rule "as to the considerations to be made when assessing sanctions[,]" we relied in *Lewis* on our Supreme Court's guidelines for assessing sanctions as stated in *Harper* and clarified by *Le Mier. Lewis*, 2018-NMCA-019, ¶ 8. Because they do not conflict with the special calendaring rule, *see id.*, we continue to apply these guidelines to our analysis in this case.

**{8}**     Defendant having violated the scheduling order, the district court was required to impose sanctions. LR2-400.1(J)(4). "Those sanctions are subject to the considerations enunciated in *Harper* and *Le Mier*." *Lewis*, 2018-NMCA-019, ¶ 11. "*Le Mier* makes it clear that, even when the special calendaring rule requires imposition of sanctions, the district court must evaluate culpability, prejudice, and lesser sanctions, as enunciated in

---

[1] LR2-400 took effect on February 2, 2015, and was recompiled as LR2-308 NMRA in 2016. We will refer to the rule as LR2-400 in this opinion, because that was what it was called at the time the district court made its ruling. LR2-400 applied to criminal cases filed in the Second Judicial District Court on or before June 30, 2014. LR2-400(B)(1); LR2-400.1(B). Defendant's case, commenced on June 4, 2014, was governed by LR2-400.1, the special calendaring rule.

[2] A copy of LR2-400.1 is available at https://seconddistrictcourt.nmcourts.gov/case-management-order.aspx by selecting "Adopted Rule for 'Special Calendar.' "

*Harper.*" *Lewis*, 2018-NMCA-019, ¶ 11 (omission, alteration, internal quotation marks, and citation omitted). "Upon weighing those factors, the district court then has discretion to decide which sanction to impose, but has an obligation to explain the reasons for its decision." *Id.* "*Le Mier* requires the district court to not only weigh the degree of culpability and extent of prejudice, but also explain its decision regarding applicability of lesser sanctions on the record." *Lewis*, 2018-NMCA-019, ¶ 12.

**{9}** Here, the district court gave virtually no on-the-record consideration of the *Harper* factors. At the docket call, the district court stated its concern that the late- filed witness list would "hamstring" the State, but the record is silent on the remaining factors involving the Defendant's culpability for the discovery violation and consideration of lesser sanctions. The record in this case is thus inadequate to determine whether the district court exercised due care in making its decision to impose the severe sanction of witness exclusion, falling short of *Le Mier*'s requirement that a district court explain its decision on the record. *Lewis*, 2018-NMCA-019, ¶ 12. Thus, the exclusion of Defendant's witnesses "cannot presently be evaluated or justified by this Court, and we must reverse and remand the matter to the district court for further proceedings." *Id.*

**{10}** We address the record made in this case in light of the *Harper* factors, as modified by *Le Mier*, beginning with Defendant's culpability. *See Lewis*, 2018-NMCA-019, ¶ 13. "*Le Mier* moves courts away from the *Harper* requirement that bad faith or intransigence exist prior to assessing sanctions against a party." *Lewis*, 2018-NMCA-019, ¶ 13. "In *Le Mier*, our Supreme Court emphasized the mandatory nature of a court's orders, stating that " '[p]arties must obey discovery orders' and explaining that '[o]ur system of justice would be neither orderly nor efficient' if parties were not held to comply with those orders." *Lewis*, 2018-NMCA-019, ¶ 13 (quoting *Le Mier*, 2017-NMSC-017, ¶ 24). Our Supreme Court also acknowledged in *Le Mier* the applicability of a rebuttable presumption of culpability when a discovery order is violated. *See* 2017-NMSC-017, ¶ 24. "The degree of culpability, however, is a fact-specific inquiry for the district court to consider in assessing sanctions against a party." *Lewis*, 2018-NMCA-019, ¶ 13. "It is through this consideration of degree that bad faith or intransigence now factors into a district court's consideration of appropriate sanctions." *Id.* The district court made no such assessment in this case.

**{11}** With respect to the prejudice factor, "*Le Mier* explains that when a court orders a party to provide discovery within a given time frame, failure to comply with that order causes prejudice both to the opposing party and to the court." *Lewis*, 2018-NMCA-019, ¶ 14 (alteration, internal quotation marks, and citation omitted). "[E]very discovery order violation gives rise to some degree of prejudice." *Id.* We note that the State, on appeal, argues that the precluded testimony of the Defendant's excluded witnesses would not have been material, relevant, or otherwise admissible even if the witnesses had been permitted to testify at trial. We view this as a concession by the State that it would have sustained no prejudice by the late filing of Defendant's witness list, because it would have prevailed in arguing against the admissibility of the witness testimony on other grounds. Regardless, the district court's statement on the record that the untimeliness of

Defendant's witness list would "hamstring" the State was sufficient to satisfy the prejudice prong of *Harper*.

**{12}** "Finally, we look at whether the district court considered lesser sanctions prior to [excluding the defense witnesses]." *Lewis*, 2018-NMCA-019, ¶ 15. "*Le Mier* reminds us that the district court was not obligated to consider every conceivable lesser sanction before" excluding Defendant's witnesses. *Id.* (internal quotation marks and citation omitted). Based on our review of the record, it does not appear the district court considered lesser sanctions. Rather, the district court stated that it was acting under our Supreme Court's "dictat[e]" and expressed concern over the State's ability to adequately prepare for trial. There appears to have been no discussion, for example, of excluding some but not all of the witnesses Defendant wished to call or limiting their testimony, nor discussion of monetary or other available sanctions. In other words, the district court made no statements on the record that reflect its consideration of lesser sanctions.

**{13}** "Despite the broad discretion *Le Mier* provides district courts when imposing sanctions, we remind our district courts that any decision to impose severe sanctions requires an adequately developed record that an appellate court can substantively review." *Lewis*, 2018-NMCA-019, ¶ 16. Our conclusion "does not preclude the possibility that the district court could have developed an adequate record finding [Defendant] culpable, perceiving sufficient prejudice to [the State] or the court, and determining that the [scheduling order] violation was sufficiently egregious to warrant [total witness exclusion] rather than a lesser sanction[.]" *Id.* "We are also fully aware of our duty to view the evidence and all inferences in the light most favorable to the district court's decision but without an adequate record explaining the district court's ruling and reasoning, we cannot properly perform our role as an appellate court." *Id.* (citation omitted). The district court in this case failed to make an adequate record and explain its reasons for imposing a severe sanction. We make no determination regarding whether total witness exclusion was an appropriate sanction in this case. We reverse the district court's sanction order and remand for further consideration in light of this opinion.

**{14}** Our conclusion is further supported by our Supreme Court's opinion in *McCarty v. State*, 1988-NMSC-079, ¶ 16, 107 N.M. 651, 763 P.2d 360, in which the Court stated:

> Before resorting to preclusion, a [district court] should weigh not only the prejudicial effect of noncompliance on the immediate case, but also the necessity to enforce the rule to preserve the integrity of the trial process. The [district court] should consider whether the noncompliance was a willful attempt to prevent the State from investigating facts necessary for the preparation of its case. The [district court] then *must* balance the resulting prejudice to the State against the materiality of the precluded testimony to the outcome of the case.

(emphasis added) (citation omitted). Though a different district court judge expressed doubt at the plea hearing about the relevancy of the defense witnesses' testimony, we cannot infer from this record that the district court judge who imposed the sanction of

witness exclusion undertook the balancing inquiry required by *McCarty*. To reiterate, we are faced with an inadequate record that prevents us from determining whether the district court exercised due care in sanctioning Defendant.

**{15}** Concluding that the district court abused its discretion in this case by failing to address the *Harper* and *Le Mier* factors, we need not review Defendant's ineffective assistance claim.

**CONCLUSION**

**{16}** We reverse the district court's order sanctioning Defendant and remand for further proceedings consistent with LR2-400.1, *Harper*, and *Le Mier*.

**{17}  IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**